CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 NOV 22 PM 1: 35

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| DANNY EUGENE IVIE, <br> TDCJ-ID No. 01719844, <br><br> Plaintiff, <br><br> v. <br><br> LANDON HAYS THOMPSON, *et al.* <br><br> Defendants. | CIVIL ACTION NO. <br> 1:15-CV-142-BL <br><br> Assigned to U.S. Magistrate Judge |

**OPINION AND ORDER RESOLVING CLAIMS
UNDER 28 U.S.C. § 1915A and § 1915(e)**

Plaintiff Danny Eugene Ivie, acting *pro se*, filed a handwritten complaint with numerous attachments and exhibits. Compl., (doc. 1.) That pleading is subject to review under the statutory mandated screening provisions of 28 U.S.C. § 1915A and 1915(e)(2)(b). Thus, no process has been issued in this case. After review and consideration of the complaint and the applicable law, the Court finds that Plaintiff's claims must be dismissed under the authority of these provisions.[1]

## I. BACKGROUND/CLAIMS

Plaintiff has named as defendants Taylor County District Judge John Wilson Weeks, Taylor County Assistant District Attorney James B. Hicks, III, Tina Lamb, Court Reporter, and his appointed counsel Landon Hays Thompson. (Doc. 1.) Plaintiff also has listed unnamed "fictitious name" or "Doe" defendants with either the district attorney's office or the sheriff's department. (Doc. 1, at 2.)

---

[1] The case was directly assigned to the United States Magistrate Judge pursuant to a standing order of reference from the district court. The undersigned magistrate judge then sought Plaintiff's consent to proceed to resolution of the case by this magistrate judge under 28 U.S.C. § 636(c). Plaintiff has filed a consent.

Plaintiff Ivie first complains of the actions of his attorney Landon Thompson taken during his trial on a charge of possession of heroin, one to four grams, in cause number 24059A in the 42nd District Court of Taylor County, Texas.[2] (Doc. 1, at 3.) Ivie complains of Thompson's questioning of him about the facts and circumstances related to a prior conviction that was included in the indictment for enhancement purposes, and he complains that Thompson did not later provide copies of portions of the transcript. (Doc. 1, at 3; Exhibit D.) He also complains that Thompson failed to adequately take account of Ivie's alleged mental health issues during his representation of Ivie. (Doc. 1, at 4.) He alleges that counsel was in collusion and conspiracy with both the judge and the assistant district attorney to obtain evidence of the prior enhancement charge from Dallas County, even though the records had been lost. *Id.* at 5. He also complains that counsel continually "dropped the ball" in several strategic moves during the trial. He complains the judge made adverse rulings, and gave the assistant district attorney to munch latitude, by "allowing him to withhold exculpatory evidence and testify to the jury." *Id.* Plaintiff also complains of post-judgment issues including the trial court initially appointing Thompson as counsel on appeal. *Id.* at 6. Plaintiff also alleges that the court reporter altered the transcripts of the trial. *Id.* at 7. He generally alleges that all named defendants acted in a conspiracy and in collusion which lead to his continued illegal restraint and conviction. *Id.* at 8-9. He seeks a stay of this case pending the resolution of a petition he filed under 28 U.S.C. § 2254, *Ivie v. Davis,* No..1:14-CV-168-C, he seeks declaratory relief that his rights were violated, and he seeks compensatory and punitive damages. *Id.* at 10-11.

---

[2] The Court notes that Danny Eugene Ivie has also challenged his conviction in this cause number in a petition under 28 U.S.C. § 2254 in this district court, *Ivie v. Davis,* No.1:14-CV-168-C (Nov. 21, 2016). This Court takes judicial notice of the records of that case. *See* Fed R. Evid. 201(b)(2) and (c)(1).

## II. PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

After review of Ivie's complaint and attachments under these standards the Court finds that all of his claims are subject to dismissal.

### III. ANALYSIS

#### A. Absolute Immunity

With regard to any claims against Judge John Weeks for monetary damages, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 11 (1991)(*citing Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also, Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction. *See Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284. Because the complained-of conduct by Judge Weeks was judicial in nature and was undertaken pursuant to the jurisdiction provided to the 42nd Judicial District Court of Taylor County, Texas, Judge Weeks is entitled to absolute immunity from any monetary damages claims, and such claims must be dismissed.

Likewise, prosecutor Jim Hicks is entitled to absolute immunity for any monetary damages claims. The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the State." *Imbler*, 424 U.S. at 431 n.33. Here, even assuming Plaintiff's allegations against Jim Hicks are true, Hicks would have taken such actions only

in his role as a prosecutor on behalf of the State of Texas. Thus, defendant Jim Hicks is entitled to absolute prosecutorial immunity from any claim for monetary damages, and such claims must be dismissed.

### B. Private Attorney-No Color of Law

Plaintiff seeks relief under 42 U.S.C. § 1983.[3] Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* In order to assert a claim for relief for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law. *See West v. Atkins,* 487 U.S. 42, 48 (1988) (citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir. 1993). As to Ivie's allegations against his attorney, Landon Hays Thompson, he has failed to satisfy the second element on many of his claims. Ivie has failed to show that Thompson, a private attorney, acted under color of law on the bulk of Ivie's challenged conduct. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state. *See Thompson v. Aland,* 639 F.Supp. 724, 728 (N.D. Tex.1986) (citing *Polk County v. Dodson,* 454 U.S. 312, 318 (1981)); *see also Pete v. Metcalfe,* 8 F.3d 214, 216-17 (5th Cir. 1993). On the bulk of Ivie's claims against the direct

---

[3] "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.A. § 1983 (West 2012).

actions of his counsel, including his claims that counsel provided ineffective assistance of counsel on a number of grounds, Ivie has not shown that his attorney was acting under color of law, so any claim for violation of his constitutional rights asserted through 42 U.S.C. § 1983 directly against this defendant must be dismissed.[4]

### C. Application of *Heck v. Humphrey*

Plaintiff seeks declaratory type relief and monetary damages under § 1983, against the judge, prosecutor, his counsel, and the court reporter for alleged actions taken in violation of the constitution that led to his conviction and sentence in the 42nd District Court of Taylor County Texas on a charge of possession of heroin. (Compl., doc. 1 at 1-10.) In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 486-87. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). "[T]he *Heck* determination depends on the nature of the offense and of the claim." *Arnold v. Slaughter*, 100 Fed. App'x. 321, 323 (5th Cir. June 14, 2004). Although *the Heck* opinion itself involved a bar to claims for monetary damages, a dismissal of a claim for injunctive and/or declaratory relief may also be made pursuant to *Heck*. *See Reger v. Walker*, 312

---

[4] To the extent Plaintiff claims that counsel Thompson acted in a conspiracy with other government employee defendants to violate his constitutional rights, those claims will be addressed *infra* in the section applying the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).

6

F. App'x. 624, 625 (5th Cir. 2009) (noting that claims, "whether for damages, declaratory judgment, or injunctive relief" are not cognizable in a § 1983 action because they imply the invalidity of conviction); *see also Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc)(holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*).

Plaintiff was convicted of possession of heroin, with two prior felony convictions alleged for enhancement purposes, and is serving a sentence of 25 years imprisonment. *See Ivie v. Davis,* No. 1:14-CV-168-C (Order of Nov 21, 2016). A ruling in favor of Plaintiff's multiple claims that the defendants engaged in a conspiracy to violate his rights, that counsel provided constitutionally ineffective assistance, the prosecutor engaged in prosecutorial misconduct, and that the court reporter altered his trial transcript for the appeal, would necessarily imply the invalidity of his conviction. *See generally Boyd v. Biggers,* 31 F.3d 279, 282-83 (5th Cir. 1994) (noting that the *Heck* opinion itself arose from allegations by inmate defendant that he was victim of a conspiracy by county prosecutors and a police investigator to destroy exculpatory evidence, to determine that claims by inmate defendant that state judge, prosecutor, county sheriff and investigator conspired to violate his constitutional rights causing him to be convicted, were barred by *Heck*); *Shaw v. Harris,* 116 F. App'x 499, 500 (5th Cir. 2004) (holding that a decision granting inmate injunctive or declaratory relief on allegations of evidence tampering, ineffective assistance of counsel, and prosecutorial misconduct would necessarily imply invalidity of conviction and thus barred by *Heck*); *Vasquez v. Dunn, et al.,* No.3:11-CV-0585-B(BK), 2011 WL 5878428, at *2 (N.D. Tex. Sep. 8, 2011) (claims against defense attorneys and against court reporter for preparation of inaccurate transcript barred by *Heck*), *rep. and rec. adopted,* 2011 WL 5878408 (Nov. 22, 2011); *Love, III v. Mendoza,* No. 4:06-

CV-157-Y, 2006 WL 3486784, at *2 (N.D. Tex. Dec. 1, 2006) (claim for monetary damages under § 1983 based upon the ineffective assistance of counsel barred under the *Heck* doctrine); *Rodriguez v. Snider*, No.3:01-CV-0688-X, 2001 WL 984873, at *2 (N.D. Tex. Aug. 14, 2001) ("Plaintiff's claim that the Court Reporter in his criminal trial altered the record and helped the trial court conceal a juror's question falls squarely within the *Heck v. Humphrey* bar") (citing *Clark v. Williams*, 693 F.2d 381, 382 (5th Cir. 1982)).

Because *Heck v. Humphrey* applies to Plaintiff's claims, in order to proceed with this civil rights case, he must demonstrate that his allegedly improper conviction has been reversed, invalidated, or expunged prior to bringing these claims under § 1983. Although Plaintiff has challenged his conviction on direct appeal and on a petition for discretionary review, through a state writ habeas corpus application under Texas Code of article 11.07, and through a federal petition for writ of habeas corpus, he has not obtained relief against his conviction. *See Ivie v. Davis*, No. 1:14-CV-168-C (N.D. Tex. Nov. 21, 2016). Because Plaintiff has failed to make a showing that his conviction has been set aside in the manner listed in *Heck v. Humphrey*, his claims under § 1983 are not cognizable at this time.[5] The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see also Edwards v. Balisok*, 520 U.S. 641, 649; *Boyd*, 31 F.3d at 283-84.

## IV. CONCLUSION

It is therefore **ORDERED** that all Plaintiff's claims for monetary damages against Judge John Weeks and against Jim Hicks, III are **DISMISSED WITH PREJUDICE** under 28 U.S.C. §

---

[5] This holding also applies to the claims against any unnamed Doe or fictitious defendants.

1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii). It is further **ORDERED** that all Plaintiff's claims against counsel Landon Hays Thompson, other than any claims that Thompson acted in a conspiracy with other defendants, are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(I) and (ii). It is further **ORDERED** that all Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck v. Humphrey* conditions are met,[6] under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

**SO ORDERED.**

SIGNED November 22, 2016.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

---

[6] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).